

U. S. DEPARTMENT OF JUSTICE

William J. Ihlenfeld, II
United States Attorney
Northern District of West Virginia

FILED
OCT 04 2023
U.S. DISTRICT COURT
ELKINS WV 26241

---

Derek W. Hotsinpiller Federal Building
320 West Pike Street
Suite 300
Clarksburg, WV 26301

Phone: (304) 623-7030
FAX: (304) 623-7031

August 17, 2023

Hilary Godwin, Esq.
Federal Public Defender's Office
230 W. Pike Street, Suite 300
Clarksburg, WV 26301
**By email: Hilary_Godwin@fd.org**

      Re:    *United States v. Ethan D. Delauder*, 2:23cr8

Dear Ms. Godwin:

    The purpose of this letter is to extend to your client, Ethan D. Delauder ("the Defendant"), the following plea agreement. All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

    It is agreed between the United States and the Defendant as follows:

    1.    The Defendant will plead guilty to Count One of the Indictment, charging him with Unlawful Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2).

    2.    The maximum penalty to which the Defendant will be exposed by pleading guilty to Count Three is imprisonment for a period of not more than ten (10) years, a fine of Two Hundred Fifty Thousand Dollars ($250,000.00), and a term of three (3) years of supervised release. It is further understood by the Defendant that there is a special mandatory assessment of $100.00 (18 U.S.C. § 3013) per felony conviction **which must be paid within 40 days following entry of his plea,** by money order or certified check to the United States District Court. It is also understood that the Defendant may be required by the Court to pay the costs of his incarceration, supervision, or probation.

    3.    The Defendant will be completely forthright and truthful with regard to all inquiries made of him and will give signed, sworn statements and grand jury and trial testimony relative

---

| | |
|---|---|
| _____ | _8-31-23_____ |
| Ethan D. Delauder, Defendant | Date |
| _____ | _8/31/2023_____ |
| Hilary Godwin, Esq. | Date |
| Counsel for Defendant | |

Ethan D. Delauder – Plea Agreement
August 17, 2023
Page 2

thereto. The Defendant will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia.

4.
- A. Nothing contained in any statement or any testimony given by the Defendant, pursuant to paragraph three, will be used against him as the basis for any subsequent prosecution. It is understood that any information obtained from the Defendant in compliance with this cooperation agreement will be made known to the sentencing court; however, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining the Defendant's applicable guideline range.

- B. This agreement does not prevent the Defendant from being prosecuted for any violations of other Federal and state laws he may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by him pursuant to this agreement.

- C. In addition, nothing contained in this agreement shall prevent the United States from prosecuting the Defendant for perjury or the giving of a false statement to a federal agent, if such a situation should occur by fulfilling the conditions of paragraph three above.

5. At final disposition, the United States will advise the Court of the Defendant's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate. The United States will also move to dismiss the remaining count of the Indictment.

6. There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, or the Defendant's counsel as to what the final disposition in this matter should and will be. This agreement includes nonbinding recommendations by the United States, pursuant to Rule 11(c)(1)(B); however, the Defendant understands that the Court is **not** bound by these sentence recommendations, and that the Defendant has **no** right to withdraw a guilty plea if the Court does not follow the sentencing recommendations set forth in this plea agreement.

_____  8-31-23
Ethan D. Delauder, Defendant   Date

_____  8/31/2023
Hilary Godwin, Esq.   Date
Counsel for Defendant

Ethan D. Delauder – Plea Agreement
August 17, 2023
Page 3

7. The United States will make the following **nonbinding** recommendations:

   A. If, in the opinion of the United States Attorney's Office, the Defendant accepts responsibility and if the probation office recommends a two-level reduction for "acceptance of responsibility," as provided by Guideline 3E1.1, then the United States will concur in and make such recommendation;

   B. Should the Defendant give timely and complete information about his own criminal involvement and provide timely notice of his intent to plead guilty, thereby permitting the United States to avoid trial preparation **and if he complies with all the requirements of this agreement, and if the Defendant is eligible under the "Guidelines,"** then United States will recommend an additional one level reduction, so long as the Defendant executes the plea agreement on or before **September 29, 2023**, and returns an executed copy to the United States by that day;

   C. The United States will recommend that any sentence of incarceration imposed should be within the applicable guideline range.

8. Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate and agree that, On or about September 24, 2020, in Barbour County, in the Northern District of West Virginia, the Defendant, knowing he had previously been convicted of a misdemeanor crime of domestic violence, that is, on or about March 29, 2018, the Defendant was convicted of Domestic Battery in the Magistrate Court of Barbour County, West Virginia, in case number 17-M01M-00264, did knowingly possess a firearm in and affecting interstate commerce, that is, a Savage Arms, Inc. pump-action shotgun, model 30 series E, 12 gauge, serial number B777519, in violation of Title 18, United States Code, Sections 922(g)(9) and 924(a)(2). The parties understand that pursuant to Section 6B1.4(d), the Court is not bound by the above stipulation and is not required to accept the same. The Defendant understands and agrees that should the Court not accept the above stipulation, the Defendant will not have the right to withdraw his plea of guilty.

9. If in the opinion of the United States, the Defendant either engages in conduct defined under the Applicable Notes of Guideline 3C1.1, fails to cooperate as promised, or violates any other provision of this plea agreement, then the United States will not be bound to make the foregoing recommendations, and the Defendant will not have the right to withdraw his guilty plea.

10. If the Court denies the Defendant's motion to dismiss the indictment filed on July 7, 2023 (Dkt. No. 22), he reserves the right to appeal the denial of his motion pursuant to Federal

_____    8-31-23
Ethan D. Delauder, Defendant    Date

_____    8/31/2023
Hilary Godwin, Esq.    Date
Counsel for Defendant

Ethan D. Delauder – Plea Agreement
August 17, 2023
Page 4

Rule of Criminal Procedure 11(a)(2). And if the Court denies the Defendant's pending motion to dismiss (Dkt. No. 22), the United States retains its right during any appeal to argue in support of the District Court's decision.

      11.    Except as provided in paragraph 10, the Defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, and in exchange for the concessions made by the United States in this plea agreement, the Defendant waives the following rights:

    A.    The Defendant knowingly waives all rights, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all rights to appeal the Defendant's conviction on the ground that the statute(s) to which the Defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s).

    B.    The Defendant knowingly and expressly waives all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

    C.    The Defendant knowingly waives his right to challenge the conviction or the sentence which is within the maximum provided in the statute of conviction, or the manner in which it was determined, in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255.

    Nothing in this paragraph, however, will act as a bar to the Defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. The Defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

    This waiver of appellate rights is not intended to represent the Defendant's estimation of what an appropriate or reasonable sentence would or should be. The United States waives its right to appeal the sentence imposed should the Court accept the plea agreement and impose the

_____
Ethan D. Delauder, Defendant      Date: 8-31-23

_____
Hilary Godwin, Esq.      Date: 8/31/2023
Counsel for Defendant

Ethan D. Delauder – Plea Agreement
August 17, 2023
Page 5

---

recommended sentence. Both parties have the right during any appeal to argue in support of the sentence.

12.     The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information, including information regarding the Defendant's background, criminal record, the offense charged in the Indictment and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure, as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence investigation report to be prepared by the Probation Office of the Court, and to respond to any written or oral statements made by the Court, by the Defendant or his counsel.

13.     The Defendant agrees that all monetary penalties imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided in 18 U.S.C. § 3613. Furthermore, the Defendant agrees to provide all requested financial information to the United States and the U.S. Probation Office and agrees to participate in a pre-sentencing debtor examination if requested by the U.S. Attorney's Office. The Defendant also authorizes the Financial Litigation Unit in the U.S. Attorney's Office to access the Defendant's credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes. The Defendant agrees to complete a financial statement, under penalty of perjury, and to submit the financial statement on the date specified and in accordance with instructions provided by the U.S. Attorney's Office. The Defendant further agrees that any schedule of payments imposed by the Court represents the Defendant's minimal financial obligation and shall not constitute the only method available to the United States to enforce or collect any criminal monetary penalty judgment. If the Defendant is sentenced to a period of incarceration, the Defendant agrees to participate in the Federal Bureau of Prisons' Inmate Financial Responsibility Program, even if the Court does not specifically direct participation. In addition, the Defendant agrees that the United States, through the Financial Litigation Unit, may submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the Defendant's payment status or history at that time.

In order to pay any outstanding criminal monetary penalties, the Defendant agrees to a voluntary garnishment of 25% of all nonexempt net disposable earnings from any job or employment, to be withheld from his wages, salary or commissions, without prior demand for payment under the Federal Debt Collection Procedures Act, 28 U.S.C. § 3205. The Defendant

_____          8-31-23
Ethan D. Delauder, Defendant               Date

_____          8/31/2023
Hilary Godwin, Esq.                        Date
Counsel for Defendant

Ethan D. Delauder – Plea Agreement
August 17, 2023
Page 6

---

hereby also waives any exceptions that may be applicable under the Consumer Credit Protection Act, 15 U.S.C. § 1673.

14. The Defendant understands that the forfeiture of property will be part of the sentence imposed in this case and agrees to the forfeiture of all property encompassed in the charging instrument's Forfeiture Allegation.

    A. The Defendant stipulates to the existence of the requisite forfeiture nexus between the offense conduct underlying this agreement and the following specified property, which facilitated or were involved in a knowing violation of the offense conduct of conviction:

        i. a Savage Arms, Inc. pump-action shotgun, model 30 series E, 12 gauge, serial number B777519; and
        ii. associated ammunition.

    B. Notwithstanding any provision in this agreement, any statute, or any rule to the contrary, any property that would otherwise be subject to forfeiture shall not be exempted therefrom because a statement made by the Defendant referred to, identified, or led to the identification or location of such property.

    C. The Defendant waives all interest in any property subject to this plea agreement in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. By signing this agreement, the Defendant withdraws any claim the Defendant may have filed in any administrative forfeiture action and agrees to the entry of a Declaration of Forfeiture. The Defendant also agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, the announcement of the forfeiture at sentencing, and the incorporation of the forfeiture in the judgment. The Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.

The Defendant also waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an

_/s/ Ethan D. Delauder_        8-31-23
Ethan D. Delauder, Defendant        Date

_/s/ Hilary Godwin_        8/31/2023
Hilary Godwin, Esq.        Date
Counsel for Defendant

excessive fine or punishment. The Defendant further waives any failure by the Court to advise the defendant of the applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J).

The Defendant further agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture) and waives any right to seek the return of any property pursuant to Federal Rule of Criminal Procedure 41 or otherwise. Finally, the Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency protocol through the West Virginia Department of Treasury.

15. The Defendant understands that the United States Sentencing Guidelines are now advisory and no longer mandatory. It is therefore understood that the sentencing court may ascertain and impose a sentence below or above the applicable Guideline range, so long as that sentence is reasonable and within the statutory maximum specified in Title 18 of the United States Code for the offense of conviction.

16. If the Defendant's plea is not accepted by the Court, is later set aside, or if he breaches any part of this Agreement, then the Office of the United States Attorney will have the right to withdraw any sentencing recommendations and/or to void this Agreement.

17. The above sixteen (16) paragraphs constitute the entire agreement between the Defendant and the United States of America in this matter. **There are no agreements, understandings, or promises between the parties other than those contained in this Agreement.**

Very truly yours,

William Ihlenfeld
United States Attorney

Digitally signed by
CHRISTOPHER BAUER
Date: 2023.09.01 11:06:51
-04'00'

By: Christopher L. Bauer
Assistant United States Attorney

As evidenced by my signature at the bottom of the seven (7) pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

_____  8-31-23
Ethan D. Delauder, Defendant   Date

_____  8/31/2023
Hilary Godwin, Esq.   Date
Counsel for Defendant